UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BANI MORENO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-14-R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 or, in the alternative, a writ of corum nobis. He seeks to vacate his conviction and sentence on the ground that government misconduct deprived him of a fair trial. Now before the Court is the Report and Recommendation [Doc. No. 18] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell recommends that Petitioner's request for habeas relief and/or a writ of coram nobis be denied. Plaintiff filed an Objection [Doc. No. 19], which gives rise to the Court's obligation to undertake a de novo review of those portions of the Report to which a specific objection is made.

Petitioner first objects to Judge Mitchell's conclusion that the Court lacks jurisdiction to consider the habeas petition because Petitioner is not in custody. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490

(1989) (quoting 28 U.S.C. § 2241(c)(3)); *see also* 28 U.S.C. § 2255(a). Petitioner was deported in 2022 and, although his sentence includes an unexpired term of supervised release, there is no indication that he is under active supervision. *See United States v. Camick*, No. 17-3006, 2017 WL 11811332, at *2 (10th Cir. May 22, 2017) (unpublished) (finding that habeas petitioner "ceased to be 'in custody' once he was removed to Canada" and "t[he fact that time remained on [a] period of supervised release does not alter our conclusion"). Petitioner is therefore not "in custody" within the meaning of the habeas statutes and the Court lacks jurisdiction to consider his petition.

Petitioner next objects to Judge Mitchell's conclusion that this case does not fit within the "savings clause" of § 2255(e). As a preliminary matter, the Court agrees with Judge Mitchell that, although styled as a motion under § 2241, the Petition is properly construed as seeking relief under § 2255 because it challenges the validity of the underlying conviction. *See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). Because Petitioner previously challenged his conviction via § 2255, the present Petition is subject to dismissal as an unauthorized second or successive petition. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). To overcome this jurisdictional limitation, Petitioner contends that he falls within the ambit of § 2255(e), which permits a federal prisoner to file a § 2241 application challenging the validity of his sentence if a § 2255 motion is inadequate or ineffective to test the legality of the detention. *Id.* The § 2255(e) savings clause applies in "extremely limited circumstances" and is available "only when an adequate or effective means for testing a § 2255 petition [is] genuinely absent." *Id.* at 584-85. Thus, when "a petitioner's argument challenging the legality of his detention could have been tested in an

2

initial § 2255 motion," he "may not resort to the savings clause and § 2241." *Id.* at 584. Here, Petitioner's arguments challenging the legality of his conviction – specifically, the government's alleged failure to disclosure exculpatory material and other prosecutorial misconduct – could have been tested in an initial (or authorized successive) § 2255 motion. Although the Court now lacks jurisdiction over Petitioner's request for habeas relief because he is no longer in custody, "the overall § 2255 motions process offer[ed] an adequate and effective remedy." *Id.* (internal quotation marks omitted). The savings clause in § 2255(e) is therefore not applicable here.

Petitioner also objects to Judge Mitchell's conclusion that a writ of coram nobis under 28 U.S.C. § 1651 is not a proper vehicle to vacate his conviction and sentence. "Federal Rule of Civil Procedure 60(e) eliminated coram nobis in federal civil actions" and the writ only "applies in limited circumstances in the criminal context." *Rawlins v. Kansas*, 714 F.3d 1189, 1195 (10th Cir. 2013); *see also United States v. Morgan,* 346 U.S. 502, 506 (1954) ("Such a motion is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil Proceeding."). Petitioner's request for a writ of coram nobis in this civil action is procedurally improper.

Judge Mitchell also recommends filing restrictions be imposed on Petitioner, to which Petitioner objects. Although the Court declines to impose filing restrictions at this time, Petitioner is cautioned that abusive or repetitive filings may result in future filing restrictions.

3

Accordingly, the Report and Recommendation [Doc. No. 18] is ADOPTED as set out above. The Petition is dismissed without prejudice for lack of jurisdiction. All pending motions are denied as moot. The standard for issuance of a Certificate of Appealability is not satisfied in this case and a Certificate of Appealability is therefore denied.

**IT IS SO ORDERED** this 6th day of May, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE