UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BANI MORENO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-14-R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is Petitioner's[1] "Motion for Reconsideration (Rubber-Stamp Review & De Novo Violations Under § 636(b)(1)" [Doc. No. 22]. In a previous order [Doc. No. 20], the Court adopted the Report and Recommendation [Doc. No. 18] issued by United States Magistrate Judge Suzanne Mitchell recommending that Petitioner's request for habeas relief and/or a writ of coram nobis be denied.[2] The order found that the Court lacks jurisdiction to consider the habeas Petition because Petitioner is not "in custody" within the meaning of the habeas statutes and his request for a writ of coram nobis in a civil action was improper.

Because Petitioner's Motion was filed within 28 days of the entry of judgment, it is most appropriately considered under Federal Rule of Civil Procedure 59(e). "Rule 59(e)

---

[1] Because Petitioner is proceeding pro se, the Court construes his motion liberally but does not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Petitioner also filed a separate habeas petition in *Moreno v. United States of America*, No. CIV-25-52-R (W.D. Okla.). That action was dismissed for lack of jurisdiction and Petitioner also moved for reconsideration of that order.

relief is available in limited circumstances, including '(1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (brackets omitted) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law" but "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

Petitioner's motion does not meet this standard. He argues that the Court improperly "rubber-stamp[ed]" the Report and Recommendation without adequately considering his objections. On the contrary, as the order notes, the Court conducted a de novo review, did not find Petitioner's objections persuasive, and agreed with the Report's analysis and conclusions. Petitioner next argues that the Court improperly applied the law regarding when a person is "in custody." This argument simply rehashes the argument raised in his objection and provides no basis for reconsidering the prior order. Petitioner also contends that the order failed to address his allegations of government misconduct during his criminal case. But the Court lacks jurisdiction over the habeas petition and can therefore not consider the merits of his claims. Last, Petitioner requests the Court recharacterize his petition or permit him leave to refile a coram nobis petition. This belated request is asserted in a conclusory manner and does support reconsideration of the Court's order dismissing his habeas petition for lack of jurisdiction.

3

Petitioner has not demonstrated that reconsideration of the prior order is warranted, and his Motion is therefore DENIED. A Certificate of Appealability is DENIED.

IT IS SO ORDERED this 22nd day of May, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE